# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARYN BUKSBAUM, JANINE SABELLA, DEBORAH THAYER, DIESHA HODGES, California residents, individually, and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BOAR'S HEAD PROVISIONS CO., INC., DOES 1 to 10, inclusive,<br><br>Defendants. | Case No.: 25-cv-597-RSH-BLM<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[ECF No. 7] |

Pending before the Court is a motion to dismiss Plaintiffs' First Amended Complaint, filed by defendant Boar's Head Provisions Company ("Boar's Head" or "Defendant"), ECF No. 7. As set forth below, Boar's Head's motion to dismiss is granted.

## I.    BACKGROUND

On February 13, 2025, Plaintiffs filed this putative class action against Boar's Head in the Superior Court of California, County of San Diego. ECF No. 1. On March 13, 2025, Defendant removed the action to this Court. ECF No. 1.

On April 10, 2025, Plaintiffs filed the First Amended Complaint (the "FAC"), their operative pleading. ECF No. 5.

The FAC alleges as follows. Defendant manufactures and distributes food products nationwide, including through major retailers in California. ECF No. 5 ¶¶ 1, 24. Defendant markets its products as being high-quality and prepared under sanitary conditions. The FAC addresses two channels of marketing: (1) the label and packaging contained on Defendant's products, and (2) statements on Defendant's website.

Plaintiffs are four California consumers who purchased various Boar's Head food products—including Everroast Chicken, Vermont Cheddar Cheese, Mesquite Wood Smoked Roasted Turkey, Sweet B's Honey Barbeque Glazed Chicken Breast, and Hard Salami (the "Products")—from retailers between August 2024 and January 2025. *Id.* ¶¶ 11–14. Plaintiffs allege generally that they saw, read, understood, and relied on Defendant's marketing representations before making their purchases. *Id.* ¶ 15.

On January 15, 2025, an AP News report disclosed unsanitary conditions documented by U.S. Department of Agriculture inspection reports at three of Defendant's various facilities. The three facilities at issue, referred to herein as the "Three Plants," are located in Forrest City, Arkansas; New Castle, Indiana; and Petersburg, Virginia. *Id.* ¶¶ 28–34. Plaintiffs allege that the reported conditions at one or more of the Three Plants included "meat and fat residue left on equipment and walls," "dripping condensation contaminating food," "mold growth," and "insect infestations." *Id.* ¶ 30. Plaintiffs allege generally that the products they purchased were manufactured at the Three Plants. *Id.* ¶ 10.

The FAC alleges that Defendant's representations about the quality of its products and hygiene of its production methods were false as to products that were made at any of the Three Plants. *Id.* ¶¶ 61, 71, 107. Plaintiffs seek certification of a class consisting of: "All persons in California who purchased any Boar's Head product originating from plants in Forrest City, Arkansas, New Castle, Indiana, and Petersburg, Virginia, from the time beginning three years before this Complaint is filed until the resolution of this litigation." *Id.* ¶ 44.

As to the specific representations at issue, the FAC identifies a single representation on the Defendant's product labeling: the slogan "Compromise Elsewhere." *Id.* ¶ 15. While

Plaintiff's original complaint focused on the product labeling, their FAC added allegations based on representations contained in Defendant's website. The FAC alleges a total of nineteen false representations on the website, including the use of the slogan "Compromise Elsewhere."[1]

The FAC does not allege that Plaintiffs were physically harmed by consuming Defendant's products from the Three Plants, but rather that they were economically harmed by relying on these false representations in paying an "artificially inflated price premium." *Id.* ¶ 22.

The FAC asserts claims for (1) intentional misrepresentation; (2) negligent representation; (3) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.*; (4) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; (5) breach of express warranty; and (6) violation of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1770(a)(5). *Id.* ¶¶ 51–114. Plaintiffs seek injunctive relief and monetary damages. *Id.* at 37.

---

[1] The other eighteen allegedly false representations are: (1) "Skillfully hand trimmed and handcrafted"; (2) "Uncompromising quality means maximum results in your kitchen"; (3) "Since 1905, our standards of quality have never wavered"; (4) "We will continuously improve our time-honored traditional processes through the involvement of our dedicated employees"; (5) "Our standards for quality have never wavered"; (6) "Crafted with the highest standards"; (7) "Each meets our highest standards of excellence"; (8) "No cutting corners, no compromises. No sacrificing quality for profits"; (9) "Products made to standards rarely found today"; (10) "Our standards for quality have never wavered—a value passed down from one family member to the next"; (11) "We choose to only bring to market products that we believe in, products that meet the standards set for us long ago"; (12) "Our products are not highly processed"; (13) "Food safety is at the core of everything we do"; (14) "Strict food safety standards and protocols are embedded in our processes and procedures"; (15) "Production locations are Safe Quality Food (SQF)-certified and meet Global Food Safety Initiative (GFSI) standards"; (16) "Facilities undergo scrupulous daily cleaning and sanitation processes"; (17) "Advanced sanitation technologies and employee hygiene protocols ensure cleanliness"; (18) and "By embracing the latest advancements, we meet or exceed industry standards, reinforcing our commitment to delivering safe, high-quality products every step of the way." ECF No. 5 ¶¶ 16–20.

On April 24, 2025, Defendant filed a motion to dismiss the FAC pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 7. The motion is fully briefed. ECF Nos. 8 (Opposition), 11 (Reply).

## II.  LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 12(b)(6). The plausibility standard demands more than a "formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557). Instead, a complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

When reviewing a motion to dismiss under Rule 12(b)(6), courts assume the truth of all factual allegations and construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996) (citing *Nat'l Wildlife Fed'n v. Espy*, 45 F.3d 1337, 1340 (9th Cir. 1995)). But a court "disregard[s] '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). Likewise, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998) (citing *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996)). "After eliminating such unsupported legal conclusions, [courts] identify 'well-pleaded factual allegations,' which [are] assume[d] to be true, 'and then [courts] determine whether they plausibly give rise to an entitlement to relief.'" *Telesaurus VPC*, 623 F.3d at 1003. Dismissal under Rule 12(b)(6) is proper where there is no

cognizable legal theory to support the claim or when there is an absence of sufficient factual allegations to support a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

For claims alleging "fraud or mistake," a heightened pleading standard applies. Federal Rule of Civil Procedure 9(b) requires a party "alleging fraud or mistake [to] state with particularity the circumstances constituting fraud or mistake." Rule 9(b) "requires … an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). A pleading must also identify "what is false or misleading about the purportedly fraudulent statement, and why it is false." *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1019 (9th Cir. 2020), 966 F.3d at 1019 (quoting *Davidson v. Kimberly–Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018)). *See also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) ("Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.") (citation and internal quotation marks omitted).

## III. ANALYSIS

### A. Sufficiency of Pleadings

Defendant argues the FAC fails to allege sufficient information about Plaintiffs' purchases. Plaintiffs' claims are all based on the same underlying alleged conduct: Defendant falsely representing to consumers the quality and safety standards applicable to products made at the Three Plants. Plaintiff's claims sound in fraud, and are subject to the heightened pleading standard of Rule 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) ("[W]e have specifically ruled that Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA and UCL."); *Carter v. Rasier-CA*,

LLC, No. 17-CV-00003-HSG, 2017 WL 4098858, at *4 (N.D. Cal. Sept. 15, 2017) (applying Rule 9(b) to claims for intentional and negligent misrepresentation), *aff'd*, 724 F. App'x 586 (9th Cir. 2018); *In re Future Motion, Inc. Prods. Liab. Litig.*, No. 23-md-3087-BLF, 2024 WL 3408224, at *5 (N.D. Cal. July 12, 2024) (applying the Rule 9(b) standard to warranty claims where "each claim relies on the same underlying theory of liability and allegations of a unified course of conduct"); *Arabian v. Organic Candy Factory*, No. 2:17-cv-05410-ODW-PLA, 2018 WL 1406608, at *3 (C.D. Cal. Mar. 19, 2018) (applying Rule 9(b) standard to claims of breach of express warranty, breach of implied warranty, breach of contract, and unjust enrichment because the plaintiff's claims "ar[o]se from the unified course of conduct: Defendant fraudulently misrepresenting that its products contain Real Flavors").[2]

More specifically, Defendant contends that the FAC fails to identify which misrepresentations each plaintiff saw and relied upon prior to purchasing Defendant's product, and when and where each plaintiff saw such representations. ECF No. 7 at 14–15. Defendant further argues that the FAC fails to identify when and where each plaintiff made his or her respective purchases of each product at issue. *Id.* at 8. Defendant also contends that—because Plaintiffs' theory of falsity depends on each plaintiff purchasing products made at one of Defendant's Three Plants—Plaintiffs have failed to adequately allege that the products they purchased were indeed made at one of the Three Plants. *Id.* at 7–8.

Plaintiffs respond that they have adequately pleaded these facts. The FAC alleges

---

[2] Defendant argues the Court should dismiss the FAC "in its entirety" for failure to comply with Rule 9(b)'s particularity requirement, ECF No. 7 at 7–8, although a later portion of their brief states that the intentional and negligent misrepresentation claims, and the FAL, UCL, and CLRA claims, "are each subject to Rule 9(b)'s heightened pleading standards," *id.* at 14. Plaintiffs respond that the FAC satisfies the requirements of Rule 9(b) "as to fraud-based claims," ECF No. 8 at 12, but do not specifically address which of their claims are covered by this assertion. In other words, Plaintiffs have not argued that Rule 9(b) does not apply to one or more of their claims.

that "Plaintiffs made their purchases of multiple Boar's Head products from local retailers [in] California … [t]hese products were manufactured at Boar's Head facilities in Forrest City, Arkansas, New Castle, Indiana, and Petersburg, Virginia." ECF No. 5 ¶ 10. The FAC alleges that each plaintiff purchased Defendant's products, "including but not limited to" one or more specified products, "on our around" a specified month, "from a retailer in California." *Id.* ¶¶ 11–14. Finally, the FAC alleges that "[b]efore their purchases, Plaintiffs saw and reviewed Defendant's advertising claims via various media, including the product packaging and labeling itself, [and] Defendant's website and made their purchases in reliance thereon." *Id.* ¶ 15.

The Court agrees with Defendant that Plaintiffs have not at this time adequately pleaded facts under Rule 9(b). The FAC's allegations about Plaintiffs seeing and relying on Defendant's misrepresentations are generalized and treat the four plaintiffs as a collective unit rather than as individual purchasers. *See Kearns*, 567 F.3d at 1126 (concluding that plaintiff's pleading was inadequate where, among other things, it failed to specify "when he was exposed to [the representations] or which ones he found material"); *Moody v. Hot Topic, Inc.*, No. EDCV 23-0447 JGB (SPX), 2023 WL 9511159, at *7 (C.D. Cal. Nov. 15, 2023) (concluding that pleading was inadequate where plaintiffs failed to "specify which representations on the website they even saw when making their listed purchases, or provide the particulars of their own experience reviewing or relying upon any representations.") (citation and internal quotation marks omitted). In alleging that the products that Plaintiffs purchased were "manufactured at" the Three Plants, the FAC likewise treats Plaintiffs as a single unit, without distinguishing among the products purchased by each Plaintiff.[3] Finally, although the FAC contains allegations naming at

---

[3] Plaintiffs have not disputed that, in order to plead falsity, they need to allege that the products they purchased were produced at the Three Plants as opposed to being produced at other facilities owned by Defendant or at third-party facilities. Instead, Plaintiffs contend that the FAC does indeed adequately "link" the products they purchased to the Three Plants. ECF No. 8 at 5.

least some of the specific products that each plaintiff purchased, and identifies a month in or around which the purchases were made, it does not allege where those purchases were made other than that they were "from a retailer in California." This too is inadequate. *See Seale v. GSK Consumer Health, Inc.*, 718 F. Supp. 3d 1208, 1228 (C.D. Cal. 2024) (finding allegations insufficient where plaintiff alleged "that she purchased 'various adult's and children's Robitussin products … at CVS, Walmart, and/or Walgreens stores in Encino, CA, Tarzana, CA, West Hills, CA, and/or Reseda, CA' without providing which products were purchased where"); *Alvarez v. NBTY, Inc.*, No. 17-cv-00567-BAS-BGS, 2017 WL 6059159, at *9 (S.D. Cal. Dec. 6, 2017) (finding allegations insufficient where plaintiff "does not provide a county, city, and/or store name" and "does not provide any information about where or how she purchased the Product").

In summary, although the FAC contains some concrete factual allegations, it lacks the required specificity, for each plaintiff's purchase, regarding: which representations the plaintiff relied on; when the plaintiff read the representations at issue; where the plaintiff made the purchase; and facts establishing the falsity of those representations as to the product purchased. Accordingly, Plaintiffs' claims for intentional and negligent misrepresentation, and for violation of the FAL, UCL, and CLRA, are subject to dismissal.

A breach of warranty claim involves elements different from those in Plaintiffs' other five claims. "To prevail on a breach of express warranty claim, a plaintiff must prove that the seller (1) made an affirmation of fact or promise or provided a description of its goods; (2) the promise or description formed part of the basis of the bargain; (3) the express

---

Defendant asserted in its motion that the cheese and hard salami products constituting the sole purchases of two of the four plaintiffs are not produced at any Boar's Head plant, but instead are produced by other suppliers and sold under the Boar's Head label. ECF No. 7 at 8. Plaintiffs did not respond to this assertion. Although the Court accepts as true the allegations in the complaint in ruling on a Rule 12(b)(6) motion, rather than Defendant's factual proffer, such a factual dispute frames the Parties' disagreement over the adequacy of pleading.

warranty was breached; and (4) the breach caused injury to the plaintiff." *Strumlauf v. Starbucks Corp.*, 192 F. Supp. 3d 1025, 1031 (N.D. Cal. 2016). Reliance is not an element of an express warranty claim. *See Shin v. Sanyo Foods Corp. of America*, 348 F.R.D. 477, 487 (C.D. Cal. 2025). However, "Plaintiffs cannot base a claim on [an express warranty created by representations in advertisements] in the absence of allegations that they were exposed to them." *In re Toyota*, 754 F. Supp. 2d 1145, 1182 (C.D. Cal. 2010). The FAC fails to adequately allege, as to each plaintiff's purchase, which representations the plaintiff read that formed part of the basis of the bargain, and the facts establishing the falsity of those representations as to the product purchased.

As discussed below, these deficiencies are subject to cure by means of amendment.

### B. Statements on Packaging

Defendant also argues that each of the nineteen representations at issue constitute non-actionable puffery, and as such that they cannot form the basis for Plaintiff's claims. ECF No. 7 at 16. In light of the Court's dismissal based on inadequacy of pleading, the Court declines at this time to address each of the nineteen alleged misrepresentations. The Court will, however, address the single misrepresentation that Plaintiffs allege was contained on the labeling and packaging: Defendant's slogan, "Compromise Elsewhere."

"Although misdescriptions of specific or absolute characteristics of a product are actionable, generalized, vague, and unspecified assertions constitute mere puffery upon which a reasonable consumer could not rely." *Welk v. Beam Suntory Import Co.*, 124 F. Supp. 3d 1039, 1043 (S.D. Cal. 2015) (quoting *McKinney v. Google, Inc.*, No. 5:10-CV-1177 EJD (PSG), 2011 WL 3862120, at *6 (N.D. Cal. Aug. 30, 2011)). "[T]o be actionable as an affirmative misrepresentation, a statement must make a specific and measurable claim, capable of being proved false or of being reasonably interpreted as a statement of objective fact." *Vitt v. Apple Computer, Inc.*, 469 F. App'x 605, 607 (9th Cir. 2012) (citation and internal quotation marks omitted).

The slogan "Compromise Elsewhere" falls squarely within this definition of puffery. It is not a description or misdescription of specific or absolute characteristics of a product.

Instead, it is generalized and vague, and to the extent that it is considered a statement or an assertion at all, it is not an assertion upon which a reasonable consumer would rely. Plaintiffs' opposition brief does not meaningfully defend this statement as actionable; instead, Plaintiffs list this statement along with several others, referring to the list of statements as making "measurable claims about Defendant's processing." ECF No. 8 at 4. But there is no measurable claim contained in the words "Compromise Elsewhere." Courts have found statements that are significantly *more* concrete to be non-actionable puffery. *See Vitt*, 469 F. App'x at 607 (concluding that Apple's representations that a laptop computer "mobile," "durable," "portable," "rugged," "built to withstand reasonable shock," "reliable," "high performance," "high value," an "affordable choice," and an "ideal student laptop" were "generalized, non-actionable puffery because they are 'inherently vague and generalized terms' and 'not factual representations that a given standard has been met'"); *Silver v. BA Sports Nutrition, LLC*, No. 20-cv-0633-SI, 2020 WL 2992873, at *5 (N.D. Cal. June 4, 2020) ("Superior Hydration" and "More Natural Better Hydration" were "general, vague statements about product superiority rather than a misdescription of a specific or absolute characteristic of the product"); *Yetter v. Ford Motor Co.*, 428 F. Supp. 3d 210, 234 (N.D. Cal. 2019) (determining that statement of "superior gas mileage and performance to previous Ford models" was "quintessential, non-actionable puffery"); *Barakezyan v. BMW of N. Am., LLC*, No. CV 16-173 SJO (JGS), 2016 WL 2840803, at *12 (C.D. Cal. Apr. 7, 2016) (concluding that statements such as "long-life design" and "expected to last 3-4 times longer than conventional counterparts," were "vague and part of BMW's generalized advertising campaign" and "[t]hus, they are not actionable"); *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 973 (N.D. Cal. 2008) (concluding that statements of "faster, more powerful, and more innovative than competing machines," "higher performance," "longer battery life," "richer multimedia experience," "faster access to data," and "ensure optimum performance" were puffery).

Accordingly, Plaintiffs' allegations as to the slogan "Compromise Elsewhere"—which constitutes the totality of the alleged misrepresentations contained on the labeling or

packaging of Defendant's product, and one of the nineteen alleged misrepresentations contained on Defendant's website—fail to state a claim.

### C. CLRA Damages Claim

Defendant further contends that Plaintiffs are barred from recovering damages on their CLRA claim because they failed to comply with statutory notice requirements. ECF No. 20 at 7.

The CLRA requires consumers to provide written notice of a CLRA violation in writing to a defendant by certified or registered mail 30 days or more before filing an action for damages. *See* Cal. Civ. Code § 1782(a). The notice must specify "the particular alleged violations" and "[d]emand that the person correct, repair, replace, or otherwise rectify" the alleged violations. *Id.* "The CLRA's notice requirement is not jurisdictional, but compliance with this requirement is necessary to state a claim." *In re Easysaver Rewards Litig.*, 737 F. Supp. 2d 1159, 1178 (S.D. Cal. 2010) (quoting *Cattie v. Wal–Mart Stores, Inc.*, 504 F. Supp. 2d 939, 949 (S.D. Cal. 2007)).

Here, Plaintiffs sent a notice letter to Defendant via certified mail on March 26, 2025, and filed the FAC on April 10, 2025, less than 30 days later. ECF No. 7 at 20. Plaintiffs do not dispute that this notice was untimely. ECF No. 8 at 23–24. Additionally, the notice letter fails to specify "the particular alleged violations" that are the subject of Plaintiffs' CLRA claim as pleaded in the FAC. ECF No. 7-1. The notice is therefore substantively defective, and the CLRA damages claim is subject to dismissal on this ground as well. *See Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1016 (N.D. Cal. 2014) ("Courts in this circuit have … held that a plaintiff must provide notice regarding each particular product on which his CLRA damages claims are based, even where the products qualify as substantially similar.").

### D. Leave to Amend

"Rule 15(a) declares that leave to amend shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted). At the same time, "a district court may dismiss without leave where a plaintiff's

proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034 (9th Cir. 2011) (citation omitted). "[T]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) (quotations omitted).

The Court grants Plaintiffs leave to file a Second Amended Complaint that addresses the pleading deficiencies identified herein as to the representations contained on Defendant's website. The Court concludes, however, that amendment would be futile as to the representations contained on the labeling or packaging. The Court's determination that the slogan "Compromise Elsewhere" constitutes non-actionable puffery cannot be cured by the allegation of additional facts. *See Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) ("Because [the district court] found that the advertisement was not a factual representation and therefore not actionable, no amendment would have been able to cure this defect.").

In light of the disposition above, the Court declines to reach Defendant's remaining arguments in favor of dismissal, and declines to take judicial notice of the product labels as requested in Defendant's reply brief. ECF No. 11-1.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss [ECF No. 7] and **DISMISSES** the First Amended Complaint. Within twenty-one (21) days of the date of this Order, Plaintiffs may file a Second Amended Complaint consistent with the limited leave to amend granted herein. If Plaintiffs fail to file an amended pleading within the time provided, the action will be dismissed.

**IT IS SO ORDERED**.

Dated: August 1, 2025

_____
Hon. Robert S. Huie
United States District Judge